IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN HODGE, and
DAVID HODGE,

      Plaintiffs,

v.                                          No. CIV 13-973 JAP/KBM

PRESCILLA RUIZ, JOHN GORDON,
JOHN CARTER, JOHN GIRON, and
CURTIS ESPINOSA, in their individual
capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs' MOTION FOR REMAND TO NEW MEXICO STATE COURT (Doc. No. 3) ("Motion to Remand") asks that the Court remand this matter to the Thirteenth Judicial District Court of New Mexico, County of Valencia (Cause No. D-1314-CV-2013-00942), from which it was originally removed. Plaintiffs assert that Defendants did not meet their burden of establishing the jurisdictional requirements for removal because all causes of action in their COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Doc. No. 1, Ex. 2) ("State Complaint") are based only on alleged violations of New Mexico state law.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND (Doc. No. 9 at 2) ("Response") contends that "all aspects of the [State] Complaint indicate it is being brought under 42 U.S.C. § 1983, not the New Mexico Tort Claims Act." Thus, according to Defendants, removal was proper.

1

Plaintiffs' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR REMAND TO NEW MEXICO STATE COURT (Doc. No. 10) ("Reply") argues that the plain language of the State Complaint establishes that Plaintiffs based the complaint "*only* on matters of New Mexico state law." (Reply at 1) (emphasis in original). Contrary to Defendants' position that the State Complaint implicitly alleges a § 1983 claim, Plaintiffs assert that they never mentioned § 1983 or any other federal law in the State Complaint. (*Id.* at 2.) Thus, Plaintiffs urge that remand is proper as Defendants did not meet their burden in demonstrating a right to removal.

## Procedural Background

On August 8, 2013, Plaintiffs[1] filed the State Complaint in the Thirteenth Judicial District Court. The State Complaint alleges five counts against Defendants under the Lynn & Erin Compassionate Use Act (NMSA 1978 § 26-2B-1, *et seq.*) ("CUA"), the New Mexico Constitution, and New Mexico tort law, including the following causes of action: (1) unlawful seizure of Susan Hodge's medical cannabis[2] in violation of the CUA; (2) unlawful seizure and arrest of David Hodge in violation of the CUA; (3) unlawful search and seizure arrest in violation of the New Mexico Constitution; (4) malicious abuse of process; (5) false arrest, false imprisonment, trespass, and conversion. Plaintiffs seek an award of compensatory and punitive damages against Defendants.

---

[1] Plaintiffs' State Complaint, for some reason, names only Susan Hodge in the introductory paragraph, but it is clear from subsequent allegations and the Jury Demand that both Susan Hodge and David Hodge bring the State Complaint against Defendants. (*See* Doc. No. 1, Ex. 2 ¶ 2; Ex. 3.)

[2] According to the State Complaint, Plaintiff Susan Hodge is a quadriplegic, confined to bed or to a specifically designed electronic wheelchair. Her husband, David Hodge is her primary care giver and has been for 25 years of the couple's marriage. Susan Hodge allegedly has a Personal Production License issued by the New Mexico Department of Health to produce cannabis and is legally entitled to use it for her medical condition. (State Complaint at ¶¶ 11, 12, 17, 18, 24.)

Plaintiffs' claims arise out of an incident that occurred on February 27, 2012, when the Valencia County Sheriff's Department received a telephone call regarding a possible domestic dispute at Plaintiffs' residence in Los Lunas, New Mexico. (State Complaint at ¶ 5.) Defendants Ruiz, Carter, and Giron allegedly responded to the call and entered the Hodges' home. (Id. at ¶ 8.) One of the Defendants seized David Hodge in the home, placed him in handcuffs, and removed him from the home. (Id. at ¶¶ 9, 14.) Defendants observed the presence of cannabis growing in the home and ultimately, Defendants Espinosa and Gordon removed and eventually destroyed the cannabis. (Id. at ¶¶ 16, 19, 41, 48, 64.)

After David Hodge was removed from the home and handcuffed in the cab of his own truck, he began suffering from chest pain. (Id. at ¶ 35.) An ambulance was called and transported Mr. Hodge to the hospital. (Id. at ¶¶ 35, 36.) Mr. Hodge was not allowed to contact his wife by telephone and was forced to spend a night in a homeless shelter. (Id. at ¶¶ 38, 39.) Defendants executed a felony arrest warrant of Mr. Hodge on charges of possession of a controlled substance. (Id. at ¶ 47.) All charges against David Hodge were dismissed. (Id. at ¶ 53.)

On October 8, 2013, all Defendants removed the State Complaint to federal court. In DEFENDANTS' NOTICE OF REMOVAL (Doc. No. 1), they advised that Plaintiffs also had filed a COMPLAINT FOR VIOLATION OF CIVIL RIGHTS in federal court against the same Defendants, on the same date Plaintiffs filed the State Complaint. (*Hodge, et al. v. Ruiz, et al.*, No. CIV 13-735 WJ/WPL) ("Federal Complaint"). The Federal Complaint asserts § 1983 claims against Defendants, including Fourth Amendment violations as to Defendants' search of Plaintiffs' home and the unlawful seizure of Mr. Hodge. The claims in the Federal Complaint arise out of the same incident that forms the basis of the State Complaint. In the Federal

3

Complaint, Plaintiffs again seek an award of compensatory and punitive damages, as well as reasonable costs and fees.  (Federal Complaint, Doc. No. 1 in No. CIV 13-735.)

## Removal to Federal Court

### I.     Legal Standard

Title 28 U.S.C. § 1441 governs removal of civil actions initiated in state court.  Unless otherwise provided, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States . . . ."  28 U.S.C. § 1441(a).  Removal may be premised on diversity or federal question jurisdiction.  28 U.S.C. § 1441(b)(1), (c).

Defendants removed the State Complaint based on federal question jurisdiction, 28 U.S.C. § 1331.  (Notice of Removal.)  Section 1331 provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  "A case 'arises' under the laws of the United States if it clearly and substantially involves a dispute or controversy respecting the validity, construction or effect of such laws which is determinative of the resulting judgment."  *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1381 (10th Cir. 1978) (citation omitted), *cert. denied*, 441 U.S. 952 (1979).

When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court.  *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247-48 (10th Cir. 2005) (*citing* 28 U.S.C. § 1447(c)).  *See also Int'l Primate Prot. League v. Adm'r of Tulane Educ. Fund,* 500 U.S. 72, 87 (1991) ("Since the district court had no original jurisdiction over this case ... a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)).

Defendants bear the burden of showing that removal from state to federal court is proper. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998). Federal removal jurisdiction is to be strictly construed. Given the presumption against removal jurisdiction, even close cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). *See also Baby C v. Price,* 138 F. App'x 81, 83 (10th Cir. June 10, 2005) (unpublished) ("doubtful cases must be resolved in favor of remand.")

## II.   Analysis

In support of removal, Defendants argue that notwithstanding the fact that the State Complaint makes no explicit mention of § 1983 or a federal claim, "the allegations themselves constitute notice pleading of § 1983 claims." (Response at 2.) In addition, Defendants contend that Plaintiffs' lawsuit against individual defendants "only in their 'individual capacity'" "could only be pertinent under § 1983." (*Id.* at 2-3.) Defendants further assert that Plaintiffs' request for punitive damages and attorneys' fees alleges "a level of culpability far beyond the negligence that would be [sic] state a claim under the [New Mexico Tort Claims Act]." (*Id.* at 3.) According to Defendants, these allegations reflect a standard of deliberate indifference contemplated by § 1983 violations. (*Id.*)

Relying on *Edwards-Flynn v. Yara*, 2009 WL 1292485, at *7 (D.N.M. Mar. 9, 2009) (unpublished), *recons. denied,* 2010 WL 624086 (D.N.M. Jan 26, 2010), Defendants urge that federal issues may be "embedded in state-law claims." The question is not what appears on the face of a complaint, but, instead whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain . . . ." (Response at 3) (*citing Edwards-Flynn*, at *7).

The Court is not persuaded by Defendants' argument in favor of removal or their reliance on *Edwards-Flynn*. The Court carefully examined the State Complaint and finds no federal question present on its face. Moreover, even "[w]here a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic." *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006); *Doe v. Sunflower Farmers Markets, Inc.,* 831 F. Supp. 2d 1276, 1280 (D.N.M. 2011) (citation omitted). "It is by now axiomatic that 'federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Nicodemus*, 440 F.3d at 1232 (internal citation omitted).

The State Complaint's introductory paragraph states that claims are brought under a New Mexico statute, the New Mexico Constitution, and New Mexico tort law. [Doc. 1-2.] Paragraph 1 of the State Complaint mentions only state law claims in terms of the State Court's original jurisdiction. [*Id.* at ¶ 1.] All five counts in the State Complaint refer specifically to New Mexico law or the New Mexico Constitution. The State Complaint never mentions a federal claim, the federal constitution, or a federal statute.

It is well-established that plaintiffs are the masters of the claims they bring and that they may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiffs made clear that the State Complaint invokes only state law. Similarly, their decision to file a complaint in both fora evinces an intention to bring separate proceedings, one in federal court and one in state court. While that decision may be questionable and even inefficient, Plaintiffs are not precluded from proceeding in this manner.

The Court acknowledges that the New Mexico Tort Claims Act does not require claims to be pled against individual defendants in their individual capacities and does not authorize an

award of punitive damages. However, the federal court's original subject-matter jurisdiction does not "affirmatively appear in the record," based on nothing more than several pleading technicalities or irregularities. The state court will be able to decipher the claims, disregard unnecessary distinctions between official versus individual capacity claims, and determine what, if any, damages are appropriate under state law.

Defendants' argument fails to show that Plaintiffs' well-pleaded complaint "establishes either that federal law creates the case of action or that [Plaintiffs'] right to relief necessarily depends on resolution of a substantial question of federal law." *Edwards-Flynn*, 2009 WL 1292485, at *4 (citation omitted). Plaintiffs' State Complaint sets out only state claims under state law. "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Id.* (*citing Gully v. First Nat'l Bank*, 299 U.S. 109, 116 (1936)).

In addition, Defendants' reliance on *Edwards-Flynn* in support of removal is misplaced. In *Edwards-Flynn*, the complaint, on its face, alleged both state and federal constitutional violations. *Edwards-Flynn*, at *1. Unlike Plaintiff's State Complaint, for example, the *Edwards-Flynn* plaintiff's complaint expressly cited the "authority of Article III of the authentic, original 1791 Constitution of the United States of America, inclusive of the Bill of Rights." *Id.* Moreover, the *Edwards-Flynn* plaintiff made numerous references to the federal constitution in her complaint. *Id.* at *1-2. The Court further determined that "the violation of [*Edwards-Flynn's*] federal rights that she alleges is not a tangential issue in her Complaint, but is mentioned regularly in her Complaint and in her briefing." *Id.* at *8. Thus, in *Edwards-Flynn*, the District Court denied the motion to remand, having concluded that the "allegations on the face of the complaint establish a substantial federal question." *Id.*

The facts in *Edwards-Flynn* are readily distinguishable from this case, where Plaintiffs carefully and intentionally pled only state law claims in the State Complaint. Plaintiffs' State Complaint does not establish a federal law claim, and there is no federal right that is an essential element of Plaintiffs' claims. Further, the Court declines to find that a federal claim or right is "hidden" in the State Complaint as urged by Defendants. Moreover, even if considered a "close case," the presumption against removal jurisdiction favors remand. *See Laughlin.*, 50 F.3d at 873. For all of these reasons, the Court will grant the Motion for Remand.

### Request for Fees and Costs

Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award under § 1447(c) is discretionary. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There is no presumption to award fees or not to award them. *Id.* at 139-141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 136.

Plaintiffs argue they are entitled to an award of costs and fees because removal was "clearly improper from its inception." (Motion at 5; Reply at 6-7.) Defendants assert that they clearly had an objectively reasonable basis for removal "because significant portions of the pleading make no sense unless a Section 1983 claim was intended." (Response at 4.)

The Court finds that reasonable costs and attorney's fees should be awarded to Plaintiffs because Defendants did not demonstrate an objectively reasonable basis for removal where their

primary position was that a § 1983 claim must be "hidden" in the State Complaint.  An award of costs and fees is warranted because none of the causes of action in the State Complaint arose under federal law or involved a federal question.  In other words, the Court determines that Defendants did not have "a fair basis for removing the case."  *See Daleske v. Fairfield Cmty., Inc.,* 17 F.3d 321, 324 (10th Cir.), *cert. denied,* 511 U.S. 1082 (1994).

The Court directs Plaintiffs to submit an affidavit to the Court by December 20, 2013, detailing reasonable costs and attorney's fees associated with the briefing of the Motion for Remand.  Defendants will have until January 6, 2014 to respond or object.  The Court encourages counsel to attempt to reach an agreement on the amount of reasonable costs and fees to be awarded so as to expedite this matter, and avoid further fees and court intervention.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiffs' MOTION FOR REMAND TO NEW MEXICO STATE COURT (Doc. No. 3) is GRANTED;

(2) *Hodge, et al. v. Ruiz, et al.*, No. CIV 13-973 JAP/KBM is REMANDED to the Thirteenth Judicial District Court of New Mexico, County of Valencia, as Cause No. D-1314-CV-2013-00942;

(3) Plaintiffs' request for reasonable costs and attorney's fees in relation to the Motion for Remand is GRANTED; and

(4) Plaintiffs must file an affidavit by December 20, 2013, detailing their reasonable costs and attorney's fees, and Defendants will have until

January 6, 2014 to file a response or objections, should counsel be unable to agree on the reasonable costs and fees to be awarded.

_____
SENIOR UNITED STATES DISTRICT JUDGE